IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Zita L. Weinshienk

Civil Action No. 08-cv-00059-ZLW-MEH

WILLIAM R. SHERMAN, JR.,

    Plaintiff,

v.

SHERIFF WILLIAM FRANGIS, in his Individual and Official Capacity;
THE ELBERT COUNTY SHERIFF'S DEPARTMENT;

    Defendants.

## ORDER

The matters before the Court are (1) Defendants' Motion For Judgment On The Pleadings Or, Alternatively, For Dismissal For Lack Of Subject Matter Jurisdiction (Doc. No. 44) (Motion To Dismiss), and (2) Plaintiff's Motion For Leave To Amend The Amended Complaint (Doc. No. 60) (Motion To Amend). The Court has determined that both motions can be resolved on the parties' briefs without a hearing.

Plaintiff's Amended Complaint, filed March 31, 2008, pleads two claims for relief based upon Plaintiff's alleged termination from employment with the Elbert County Sheriff's Department. Although Plaintiff did not title either claim, based on other allegations in the Amended Complaint, it appears that the first claim for relief is brought pursuant to 42 U.S.C. § 1983. The second claim appears to be one for defamation under state law. Defendants filed their Motion To Dismiss on January 15, 2009. Thereafter, on February 11, 2009, Plaintiff filed his Motion To Amend, attaching a proposed Second Amended Complaint which pleads three claims for relief. The first

and second claims in the proposed pleading, titled as claims for Deprivation Of Property Rights Without Due Process Of Law / Substantive And Procedural, and Deprivation Of Liberty Rights Without Due Process Of Law / Substantive And Procedural, appear to be attempts to clarify the first claim in the Amended Complaint. The Second Amended Complaint contains no state defamation claim, but does contain a claim for Wrongful Discharge Against Public Policy which is not contained in the Amended Complaint.

Defendants state that they have no objection to the first and second claims for relief in the proposed Second Amended Complaint, and that those claims resolve Defendants' concerns regarding the first claim for relief in the Amended Complaint. Defendants state that the if the Court accepts Plaintiff's request to add the two federal claims, "Defendants' Motion To Dismiss [claim one of the Amended Complaint] would be moot."[1] Because there is no objection to Plaintiff's proposed amendment concerning his federal claims, such amendment will be allowed.

Defendants also do not object to Plaintiff removing the defamation claim from his pleading. Accordingly, an amended pleading which does not include a defamation claim will be allowed.

Defendants do object to Plaintiff's proposed addition of a new supplemental state claim for Wrongful Discharge Against Public Policy. The Scheduling Order deadline for amendment of pleadings in this case was June 1, 2008. Plaintiff filed the present Motion To Amend on January 23, 2009. Although, generally, leave to amend pleadings

---

[1] Defendants' Reply To Motion For Judgment On the Pleadings Or, Alternatively, For Dismissal For Lack Of Subject Matter Jurisdiction (Doc. No. 70) ¶ 1.

shall be freely granted when justice so requires,[2] Plaintiff has not shown good cause to amend his pleading to add a new claim for Wrongful Discharge Against Public Policy more than eight months after the Scheduling Order deadline pursuant to Fed. R. Civ. P. 16(b)(4), and Defendant has not agreed to such an amendment.  Accordingly, it is

ORDERED that Defendants' Motion For Judgment On The Pleadings Or, Alternatively, For Dismissal For Lack Of Subject Matter Jurisdiction (Doc. No. 44) is moot.  It is

FURTHER ORDERED that the hearing on Defendants' Motion For Judgment On The Pleadings Or, Alternatively, For Dismissal For Lack Of Subject Matter Jurisdiction, previously set for April 1, 2009, is vacated.  It is

FURTHER ORDERED that Plaintiff's Motion For Leave To Amend The Amended Complaint (Doc. No. 60) is granted in part and denied in part.  It is

FURTHER ORDERED that on or before March 30, 2009, Plaintiff shall file a Second Amended Complaint identical to the proposed pleading filed as Doc. No. 60-2 in this case, with the exception that the Second Amended Complaint shall not contain a claim for Wrongful Discharge Against Public Policy.

DATED this 20th day of March, 2009.

> BY THE COURT:
>
> _____
> ZITA L. WEINSHIENK, Senior Judge
> United States District Court

---

[2] See Fed. R. Civ. P. 15(a).